

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

October 1, 1965

Mr. E. P. Slater
County Attorney
Caldwell County
Luling, Texas

Opinion No. C-519

Re: Propriety of inclusion of "Reserve for Bad Debts" and "Reserve for Bond Depletion" in determining the value of shares of bank stock for ad valorem tax purposes.

Dear Mr. Slater:

You have requested that we advise you as to how the shares of stock in the First Lockhart National Bank of Lockhart, Texas should be valued for ad valorem tax purposes. The Bank has submitted to the Tax Assessor-Collector of Caldwell County a statement of the condition of the Bank. The copy of this statement which you have furnished us shows as liabilities a "Reserve for Bad Debts" in the amount of $63,095.63 and a "Reserve for Bond Depletion" in the amount of $60,000.00.

As stated in your letter, Attorney General Opinion No. O-4675 (1942) held that a "Reserve for Contingencies" must be taken into consideration by the board of equalization in fixing the value of the stock for tax purposes. We quote the following excerpt from page 4 of this opinion:

> "The phrase' reserve for contingencies' indicated that the bank has set apart and segregated a part of its earned surplus for the purpose of meeting whatever contingency that may arise. That fund, by whatever name it may be called, is a part of the bank's personal property. As such it is neither assessable nor taxable to the bank. Article 7166, supra; City of Marshall vs. State Bank of Marshall, 60 C. A. 508, 127 S.W. 1083. On the other hand, as personal property, it is a part of the assets of the bank and is one of the factors to be taken into consideration by the board of equalization in fixing the value of the stock for tax purposes."

You then make the following statement:

"Following your opinion No. 0-6860, we are unable to determine if these reserves represent definite accrued liabilities rather than capital funds, surplus or undivided profits."

We quote the following excerpts from pages 2 and 3 of Attorney General Opinion No. 0-6860 (1945):

"We therefore advise you that recognized accounting practice distinguishes surplus reserves such as for additions, anticipated losses, bond sinking funds, and the like from so-called 'reserves' set up for contra asset accounts, such as accrued liabilities. While accrued liability 'reserves' represent funds held by the bank not immediately payable, by their very nature as accrued liabilities or debts, little, if any, consideration could be accorded such funds as elements tending to compose or augment the value of the stock in the hands of the stockholder. Therefore, if the facts are found to be as stated by the bank, the assessor and county commissioners' court should give appropriate consideration to the facts that the $265,376.23 portion of the so-called 'reserve' fund represents definite accrued liabilities rather than capital funds, surplus or undivided profits. The assessor or the board of equalization may, of course, in exercising their expert administrative judgment, conclude that an amount in excess of that necessary to meet these liabilities has been set aside. Any such excess should, of course, be treated as surplus or undivided profits.

"It is believed that the rationalization suggested in this opinion will serve to distinguish it from Opinion No. 0-4675 to which you invited the attention of this department. That opinion involved a fund set up for contingencies rather than accrued liabilities and the holding was that such fund was 'one of the factors to be taken into consideration by the board of equalization in fixing the value of the stock for tax purposes.'"

Mr. E. P. Slater, Page 3 (C-519)

We think the "Reserve for Bond Depletion" constitutes a "Reserve for Contingencies" within the scope of the holding of Attorney General Opinion No. O-4675.

Attorney General Opinion No. WW-935 (1960) specifically held that the "Reserve for Bad Debts" set up by a National Bank pursuant to Federal rulings may not be deducted in arriving at the value of the shareholder's shares for State and County ad valorem tax purposes. A copy of Opinion No. WW-935 is attached hereto.

You are, therefore, advised that these two Reserves are neither assessable nor taxable to the Bank, but that as personal property they constitute a part of the assets of the Bank and would be one of the factors to be taken into consideration by the assessor or the board of equalization in fixing the value of the shares of bank stock for ad valorem tax purposes.

## S U M M A R Y

The "Reserve for Bad Debts" and the "Reserve for Bond Depletion" are neither assessable nor taxable to the First Lockhart National Bank of Lockhart, Texas. As personal property they constitute part of the assets of the bank and should be taken into consideration by the Tax Assessor-Collector in determining the value of the shares of bank stock for ad valorem tax purposes.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By Marietta McGregor Payne
Marietta McGregor Payne
Assistant

MMP/fb
APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Kerns B. Taylor
Paul Phy
Brandon Bickett
John Pettit
APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright

-2441-